**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
                    Tallahassee                    **DIVISION**

## EMPLOYMENT DISCRIMINATION COMPLAINT FORM

**TO BE USED BY PRO SE LITIGANTS IN ACTIONS
FILED UNDER 42 U.S.C. § 2000e, et seq., (Title VII of the Civil Rights Act)
29 U.S.C. § 621, et seq., (Age Discrimination in Employment Act)
OR 42 U.S.C. § 12112, et seq., (Americans with Disabilities Act)**

Caesar White, Jr.                    ,

(Name of Plaintiff)

vs.

CASE NO: 4:06 cv 135-RH-WCS
(To be assigned by Clerk)

State of Florida Department of

Highway Safety and Motor Vehicles

(Name of Defendant which should

generally be the name of the Employer.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2006 MAR 23  PM 1: 25

JAC

FILED

I. **PARTIES:**

A. **PLAINTIFF:**

State your <u>full name</u>, full mailing address, and phone number:

Name of Plaintiff: Caesar White, Jr.

Mailing address: P.O. Box 17221

Pensacola, FL 32522

Phone # (850) 291-3346

B. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line (place where you were employed or sought employment) and mailing address.

Defendant's name: State of Florida Dept. of Highway Safety & Motor Veh.

Mailing address: 2900 Apalachee Parkway

Neil Kirkman Building

Tallahassee, FL 32399-0500

**PLEASE CONTINUE ANSWERING ALL QUESTIONS ON THE FOLLOWING PAGES**

## II.  FACTUAL BACKGROUND:

1. Defendant Employer is: State of Florida Dept. of Highway Safety & Motor Veh
2. Defendant's business is: Driver Licenses' & Motor Safety (Law Enforcement).
   Business address - location of headquarters: 2900 Apalachee Parkway, Neil Kirkman Building, Tallahassee, FL 32399-0500
3. Plaintiff ☒ sought employment from Defendant on March 30, 2004
   or ☐ was employed by Defendant from  N/A  until  N/A  .
4. The location where Plaintiff was employed or sought employment was:
   (street address)  2900 Apalachee Parkway, Neil Kirkman Building
   (city/county and state)  Tallahassee/Leon, Florida
5. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission on: October 2005 (requested right-to-sue letter)!
6. The Respondent(s) named on the EEOC charging document State of Florida Dept. of Highway Safety and Motor Vehicles . (attach document).
7. Defendant discriminated against Plaintiff as described in Section III of this complaint on or about 3rd (day) August (month), and 2004 (year). and 29th December 2004
8. As claimed in the EEOC charging document, Defendant discriminated against Plaintiff because of Plaintiff's:  ☐ gender/sex _____ (please identify)
   ☒ race African American  ☒ color Black
   ☐ religion _____  ☐ national origin _____
   ☐ disability _____  ☒ age  Date of Birth is 01/10/1963
   ☐ other (explain): _____
9. Defendant discriminated against Plaintiff when Defendant:
   ☒ failed to hire Plaintiff         ☐ terminated Plaintiff's employment
   ☐ failed to promote Plaintiff      ☐ retaliated against Plaintiff
   ☐ failed to accommodate Plaintiff's disability   ☒ unequal treatment
   ☐ other (explain): _____
10. The EEOC issued a Notice of Right to Sue which was dated: 01/31/06  and which was received by Plaintiff on 02/04/06 .
    » »   The notice is attached to this complaint.   ☒ yes ☐ no  « «
11. Plaintiff also filed charges concerning this discrimination with the Florida Commission on Human Relations on: 04/15/05 _____ or ☐ did not file.

3

## JURISDICTIONAL AND STATUTORY BASIS OF CLAIM:

This action is brought for discrimination in employment pursuant to:

- ☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)

- ☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634

- ☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117

*Note: To bring suit in federal court under any of the above Acts, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.

### III.   STATEMENT OF FACTS:

Briefly state the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. *You must set forth separate factual allegations in separately numbered paragraphs.* Additional pages may be added to state the relevant facts if necessary. Absent extraordinary circumstances, no more than two (2) additional pages should be attached.

(A) In the spring of 2004, I applied for the position of Florida State Trooper with the Florida Department of Highway Safety & Motor Vehicles. In submitting it, I interacted with Corporal Ben Glass, the recruiter for the Region I Area. Corporal Glass verbally assured me that I would be hired based on the information I provided him over the telephone, which was the same in my application. My race was not apparent at this time.

(B) On March 30, 2004, I received correspondence from the Department stating that my application had been received and reviewed. I had met the minimum qualifications for the position. My employment, however, was conditioned on various tests and screenings.

(C) Thereafter, I was scheduled to take the Florida Criminal Justice Basic Abilities Test, as well as the Physical Abilities

Test. During this process, I met Lieutenant Ronald Castleberry, the Chief Background Investigator for the Florida Highway Patrol. He told me and other applicants that unless something serious comes up in our backgrounds.."such as being killers or something" he saw no reason that we all wouldn't be hired. On June 3,2004,I was informed via correspondence that I had passed both phases, and my results would remain active until May 29,2005.

(D) Now, with my race being apparent to most in the process, this was the begining of the unequal treatment I endured for the next ten months. The next thing that happened in reference to my application was a letter requesting additional information dated June 10,2004. I provided all the requested information on July 20, 2004.

(E)Therefore, with the upcoming hire start date fast approaching, September 20,2004, which we were told it wasn't a problem to make that date. I received a second letter requesting even greater detailed information, dated August 3,2004. I missed that hire date,because it took me until October 29,2004,to get the information needed after being given a bad contact address by the Florida Department of Highway Safety & Motor Vehicles/Lieutenant Ronald Castleberry.

(F) Once again with a upcoming hire start date approaching, I was told that I would be scheduled to take the pre-employment polygraph examination, which didn't occur until after the second hire date had passed. I was informed via a letter form Lieutenant Tammy L. Binder/Chief Backgrounds Polygrapher, that my December 7,2004 date had been changed to December 29,2004. I reported as scheduled to take the test. At the test conclusion, Lieutenant

12. The facts as set forth above in Section III of this complaint:
   ☐ are still being committed by Defendant against Plaintiff
   ☒ are no longer being committed by Defendant against Plaintiff
13. Plaintiff:  ☐ still works for Defendant   ☒ no longer works for Defendant, or not hired.

III. STATEMENT OF FACTS: CONTINUATION SHEET 1 OF 1

Tammy L. Binder, informed me that she saw no problems with the test, other than a couple of minor things that she would let the machine grade, and if she needed me she would contact me in three days. Nevertheless, I didn't hear from Lieutenant Tammy L. Binder for a whole month, which according to what she had told me, I assumed I had passed. Suddenly, I receive another letter asking me to sit for another polygraph examination dated January 31, 2005. I reported to the scheduled test on February 16,2005, as instructed. Once again, at the end of this polygraph, Lieutenant Tammy L. Binder said she didn't see any problems and that I had passed the test. She said she would send it up for administrative review, and that I should hear something within four weeks. She also advised me that this was plenty of time to have me ready for the April 25,2005, hire date. However, I was very skeptical about what she was telling me inlight of how she had conducted my previous polygraphs. Meaning, I have sat on numerous polygraphs, but none were conducted in the manner which she conducted hers. It was as if she was trying to get me to give illicit negative responses. Regardless, I was able to remain calm and composed.

(G) Thereafter, months passed without me hearing anything from the Florida Department of Highway Safety & Motor Vehicles. I attempted to contact the agency to learn of my status, but no one would return my calls. Finally, I spoke with Lieutenant Castleberry. He wouldn't give me any definite information regarding my application, but he did state that it was being considered and that a decision had not yet been made. He did indicate, however, that because no decision had yet been made, that I would not be able to participate in the hiring class that would start on April 25,2005. I therefore decided to file a charge of discrimination.

(H) Although, I first requested information through a records request dated April 11,2005, to the Florida Department of Highway Safety & Motor Vehicles, which I soon after received a letter stating that I had failed the polygraph and was disqualified from the process. This letter was dated April 14,2005, which arrived after I submitted my official claim of discrimination dated April 15,2005.

(I) The Commission On HUman Relations didn't take any actions in this matter, therefore, prompting me with the advise of my former legal counsel, to seek a federal trial by jury. For it is apparent that my race and age lead to unequal treatment in the way that I was dealt with in that process by members of the Florida Department of Highway Safety & Motor Vehicles.

---------------End of Facts---------------------

14. If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation?   ☐ yes   ☒ no   Explain: __N/A__

## IV. REQUEST FOR RELIEF:

As relief from the allegations of discrimination as stated above, Plaintiff prays that the Court grant the following relief to Plaintiff:

☒ Defendant be directed to employ Plaintiff
☐ Defendant be directed to re-employ Plaintiff
☐ Defendant be directed to promote Plaintiff
☐ Defendant be directed to _____

As additional relief to make Plaintiff whole, Plaintiff seeks: As noted in the following checked boxes: Plus, I'm requesting that the defendant make my hire date retroactive to September 20, 2004.
☒ injunctive relief (please explain): Plaintiff be employed to reside in Pensacola, Florida.
☒ monetary damages (please explain): U.S. Code: Title 42, Chapter 21, Subchapter I, 1981(a-1)&(b-2,3,&4).
☒ costs and fees involved in litigating this case.
and such other relief as may be appropriate, including attorney's fees, if applicable.

Plaintiff seeks a ☒ jury trial   ☐ bench trial (without jury)

I, hereby, declare under penalty of perjury that the foregoing statements have been written by me and are true and correct.

__03/21/06__
(Date)

__Caesar White Jr.__
(Signature of Plaintiff)

__Caesar White Jr.__
(please print or type name legibly)

__P.O. Box 17221__
__Pensacola, FL 32522__

(full mailing address)

Revised 08/2005



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5055 7850

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Caesar White, Jr.                               January 31, 2006
c/o Bradley S. Odom, Esquire
Attorney at Law
635 West Garden St.
Pensacola, FL  32502

Re:  EEOC Charge Against State of Florida, Dept. of Highway Safety, et al.
     No. 15D200500580

Dear Mr. White, Jr.:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    Wan J. Kim
                                    Assistant Attorney General
                                    Civil Rights Division

                              by    *Karen L. Ferguson*
                                    Karen L. Ferguson
                                    Supervisory Civil Rights Analyst
                                    Employment Litigation Section

cc:  Miami District Office, EEOC
     State of Florida, Dept. of Highway Safety, et al.